IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EMPLOYERS AND OPERATING**
**ENGINEERS LOCAL 520 PENSION**
**FUND, et al.**,

**Plaintiffs,**

v.                                                                      No. 13-0501-DRH

**GREEN TRAC, LLC,**

**Defendant.**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### Introduction and Background

Pending before the Court is defendant's motion to set aside default judgment (Doc. 18). Plaintiffs oppose the motion (Doc. 20). The Court agrees with plaintiffs' reasoning and denies the motion.

This is an action for delinquent fringe benefits contributions owed to the fund associate with Operating Engineers Local 520. The plaintiffs are various employee benefit funds affiliated with Operating Engineers Local 520 and the trustees thereof. Pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §

1132, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, plaintiffs filed suit against Green Trac, Inc., on May 30, 2013 (Doc. 2). Plaintiffs seek an audit to determine the amounts owed. Plaintiffs served defendant with the summons and complaint on July 9, 2013. On November 7, 2013, plaintiffs moved for entry of default which was granted that same day (Docs. 6 & 8). Thereafter, plaintiffs filed a motion for extension of time to file a motion for default judgment indicating that plaintiffs are "engaging in discussions with defendant in regards to the amounts owed pursuant to a payroll audit and are attempting to resolve this matter." (Doc. 9). The Court granted the motion and allowed plaintiffs up to and including December 27, 2013 to file the motion (Doc. 10).

On December 27, 2013, plaintiffs moved for default judgment (Doc. 11). On January 2, 2014, the Court granted the motion and entered judgment in favor of plaintiffs for $41,892.14 (Doc. 15). On January 17, 2014, defendant filed the motion to set aside default judgment (Docs. 18 &19). Plaintiff filed an opposition on January 21, 2014 (Doc. 20). As the motion is ripe, the Court turns to address the merits.

### **Standard**

Federal Rule of Civil Procedure 60(b) allows the Court to relieve a party from final judgment in the following circumstance, among others: "(1) mistake, inadvertence, surprise, or excusable neglect." A motion for such relief "must be made within a reasonable time," after entry of a judgment, and for subsections (1) through (3), no later than one year after the entry of judgment.

60(c)(1). In order to have a default judgment vacated, the moving party must demonstrate: (1) good cause for the default; (2) quick action to correct it; and (3) meritorious defense to the complaint." *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012).

The above stated test is the same whether a party is moving to set aside the entry of default under Rule 55(c) or moving to vacate a default judgment under Rule 60(b). *See, e.g., United States v. DiMucci,* 879 F.2d 1488, 1495 (7th Cir.1989). Importantly, however, the standard is applied in a more stringent way when a default judgment has been entered. This is sensible because of the importance of "finality" that go along with judgments. *Jones v. Phipps,* 39 F.3d 158, 162 (7th Cir.1994). In the context of a motion to vacate a default judgment, a party must show "something more compelling than ordinary lapses of diligence or simple neglect...." *Id.* In other words, to vacate a default judgment, the defaulting party must surmount a "high hurdle." *Id.* So in contrast to the "liberally applied" test used for Rule 55(c), *see Cracco v. Vitran Exp., Inc. .,* 559 F.3d 625, 630-31 (7th Cir. 2009), relief under 60(b) is an "extraordinary remedy," and only given in "exceptional circumstances." *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir.2000) (quoting *Dickerson v. Board of Educ. of Ford Heights, Ill.,* 32 F.3d 1114, 1116 (7th Cir.1994)). Typical reasons held up in this circuit and elsewhere as bona fide excuses under Rule 60(b) include illness, incarceration, and lack of access to legal counsel. *See Jones,* 39 F.3d at 163-64 (collecting cases) (citing *Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949);

*United States v. Forty-Eight Thousand, Five Hundred Ninety-Five Dollars*, 705 F.2d 909, 913 (7th Cir.1983).

The Seventh Circuit allows district courts "considerable latitude" or "discretion piled on discretion," in making decisions under Rule 60. *Id.* (citing *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir. 1996)). It is the policy of the Seventh Circuit to favor trials on the merits over default judgments. *Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 675 (7th Cir. 1987).

## Analysis

Defendant maintains that the default judgment against is a result of mistake and excusable neglect; that it has good reason for the default; that it acted promptly to cure the default and that it has a meritorious defense to this cause of action.

As to the good reason for the default, defendant maintains that it acted in good faith when it did not answer plaintiffs' complaint because, upon learning that the lawsuit was not in fact previously resolved, it attempted to resolve audit related issues with plaintiffs and it did not willfully disregard the lawsuit or court orders. Specifically, defendant maintains that based on a July 19, 2013 letter from plaintiffs' counsel to the City of Mount Vernon regarding the Horace Mann School demolition project, it believed that since it paid $5,320.34 to the Funds that the lawsuit had been resolved. Defendant further asserts that upon learning that the lawsuit had not been resolved, it attempted to determine whether liability existed. Defendant maintains that when it received the motion for entry of default, it requested that plaintiffs withdraw the claims so that the parties could establish

what, if any, it owed to plaintiffs. The Court agrees with plaintiffs that the facts of this case reflect otherwise.

Defendant admits and the record reflects that it was served with the complaint. The complaint seeks an audit as plaintiffs allege that "it will be impossible for plaintiffs to determine the amounts that are owed." (Doc. 2, ¶ 15). Further, the July 19, 2013 letter indicates that it pertained to only one project for a specific time period, May through June 2013. At that time, defendant clearly was aware that it was working on more than one project for that it had not paid contributions, *inter alia*, the Granite City water treatment facility.

Further, defendant admits that it received the entry of default that was filed on November 6, 2013. In a letter dated November 14, 2013, plaintiffs' counsel advised defendant of the following:

> I am legal counsel to the Employers and Operating Engineers Local 520 benefit funds. By letter dated November 8, 2013, to the Funds' administrative manager Dave Glastetter, you questioned why my firm was proceeding with having you held in default in the above-captioned lawsuit. You stated that the audit being performed reflects that your corporation overpaid its contributions.
> Please be advised that you are incorrect. Enclosed is a prelimary draft of the audit report which reflects that your company owes $40,265.73 in contributions. Unless you make immediate arrangements to pay this amount, we will proceed with obtaining a default judgment against you.

(Doc. 20-1). Clearly, this demands payment and not documents as defendant suggests. Moreover, defendants were aware that the Court granted plaintiffs' motion for extension of time to dispose of the case and that the Court allowed plaintiffs up to and including until December 27, 2013 to dispose of the case or

move for default judgment. Based on these facts, the Court finds that defendants have not shown good cause for failure to file an answer. As the Court finds that there was not good cause, it need not address the remaining elements.

## Conclusion

Accordingly, the Court **DENIES** the motion to set aside default judgment (Doc. 19).

**IT IS SO ORDERED.**

Signed this 30th day of July, 2014.

Digitally signed by
David R. Herndon
Date: 2014.07.30
16:22:22 -05'00'

**Chief Judge
United States District Court**